No. 11,735.

SUCCESSION OF PIERRE LANAUX.

OPPOSITION OF HIBERNIA NATIONAL BANK.

The holder of pledged stock under a contract to sell the same either at public or private sale, on default of the payment of the note for which the stock is pledged, who, by judicial proceedings, compel· the transfer of the stock to himself, and who afterward received dividends on the shares, sells a part of the same, and does not credit the debtor with the proceeds; who votes for a reduction of capital stock in the corporation issuing the shares, and receives a new certificate of stock on surrendering the old one, will be deemed, in the absence of complaint of the debtor, as having acquired the stock as owner, under the power to sell as stipulated in the contract of pledge. The primary debt should be credited with the market value of the shares, placed upon them by the creditor, when he appropriated them.

APPEAL from the Civil District Court for the Parish of Orleans.
King, J.

<hr>

Charles F. Claiborne for Succession, Appellee.

<hr>

Gilmore & Baldwin for Opponent, Appellant.

<hr>

The opinion of the court was delivered by

McENERY, J.   The executor of the deceased Pierre Lanaux filed a second tableau for the distribution of the funds in his hands, and placed on the tableau the opponent as creditor for the sum of two thousand two hundred and thirty-eight dollars and twenty cents.

The account was opposed by the bank, alleging that it was a creditor for the sum of thirteen thousand nine hundred and five dollars and fifty-five cents, with eight per cent. interest from May 31, 1894. The basis of this demand is thus alleged in the opposition: That the bank "is a creditor of the above entitled and numbered succes-

sion in the full sum of thirteen thousand nine hundred and five dollars and fifty-five cents, being the amount of balance due this opponent on a certain promissory note by the late Pierre Lanaux, through his agent and attorney in fact, George de Jaham, for the sum of twenty-five thousand dollars, dated July 22, 1892, and payable to the order of the opponent on 1st February, 1893, of which said promissory note this opponent is holder and owner, and on which said promissory note a payment of thirteen thousand nine hundred and five dollars and fifty-five cents, together with all interest, up to 31st May, 1894, was paid on 31st May, 1894; there being also due this opponent eight per cent. *per annum* interest on said balance from said 31st May, 1894, until said balance shall be paid, all of which balance and interest remains wholly due and owing this opponent, as will more fully and at large appear from said promissory note.''

A statement of the facts is sufficient to show the correctness of the judgment in dismissing the opposition.

Pierre Lanaux made his promissory note payable to the order of the Hibernia National Bank, on 22d July, 1892. The bank discounted this note. To secure the full and punctual payment of the note, Lanaux pledged and delivered to the bank one hundred and sixty-six shares of the State National Bank.

The contract of pledge appointed the president or cashier of the bank the agent of the pledgor, jointly or severally, and without recourse to legal proceedings, to dispose of the shares for cash, either at public or private sale, as they may deem advisable, and to apply and appropriate the proceeds of the sale of the pledged shares to the payment of the note and accrued interest, and all costs and charges attending the sale. The contract of pledge contains the stipulation that in the event of the non-payment of the note at maturity, or the failure to renew the same, the above-mentioned officers of the bank were authorized to dispose of the shares. After the maturity of the note, the bank, through its proper officer, designated in the contract, sold these shares at one hundred and forty dollars per share. The State National Bank refused to transfer the shares to the Hibernia National Bank, and the latter bank proceeded by *mandamus* against the former to compel it to transfer the shares to it on its books.

In the petition for the *mandamus* it is averred that the Hibernia

National Bank has duly sold said stock at the market price, namely, one hundred and forty dollars per share; that the State National Bank refused to transfer said stock on its books from Pierre Lanaux to the purchaser.   The *mandamus* was made peremptory and the stock transferred as prayed for.   The Hibernia National Bank, after the transfer, received a dividend on July 5, 1893, of six hundred and sixty-four dollars as holder of the one hundred and sixty-six shares.

The stockholders of the State National Bank voted for a reduction of capital stock.   The Hibernia National Bank voted for this reduction, and received a new certificate for one hundred and ten shares, and thirteen dollars and sixty cents in money, on the surrender of the old certificate of shares.

On May 31, 1894, the president of the Hibernia National Bank furnished a statement to the executor of Lanaux, showing a credit on the note of the proceeds of the sale of the one hundred and sixty-six shares at one hundred and forty dollars per share, leaving a balance due of two thousand two hundred and seventy-six dollars and sixty-seven cents.

In this statement and the item on the account there is a difference of nine hundred and forty-eight dollars and forty-seven cents which is accounted for by a payment made to the bank on the first account.

The judgment in the *mandamus* proceedings, on the allegations of the bank, which for all practical purposes made itself owner, at the market value, of the stock, we think irrevocably vested the bank with ownership of said stock.   The transfer of the stock to the Hibernia National Bank was absolute and unconditional, and there was no averment in the petition that the transfer was to be made for the convenience of the bank, to transfer the stock to any other purchaser.

Under the contract of pledge such a proceeding was unnecessary to authorize the Hibernia National Bank to sell the shares.   The bank treated the stock as its own, received dividends on it, voted for reduction of the stock of the State National Bank, and received a new certificate for the old one, and a cash payment for difference in value.

The succession of Lanaux is not complaining that the bank appropriated the shares.   It has accepted its construction of the contract and the disposition of the shares, and holds the bank to the consequences of its own acts.

We see no reason to disturb the judgment.    It is therefore affirmed.